OPINION
{¶ 1} Defendant-Appellant, Steven R. Mayer, appeals a judgment of the Van Wert County Common Pleas Court, accepting his guilty plea and sentencing him to five years of incarceration. The trial court found that Mayer's five year sentence should be served consecutive to a thirty year sentence he received from the Mercer County Common Pleas Court. Mayer maintains that the trial court did not make the statutory findings required for consecutive sentences. Having reviewed the entire record, we find that the trial court made the required findings on the record and that the evidence supports those findings. Accordingly, we overrule Mayer's assignment of error and affirm the decision of the trial court.
 {¶ 2} In March of 2003, Mayer used the threat of force to steal OxyContin from a CVS pharmacy in Van Wert, Ohio. This robbery was only one of a series of similar robberies Mayer admitted to committing over a period of three years. One of these similar robberies occurred in Mercer County after the Van Wert County robbery. Prior to the trial herein, Mayer was tried and convicted of the Mercer County robbery and sentenced to serve a thirty year term of incarceration.
 {¶ 3} In August of 2003, Mayer was brought before the trial court for the Van Wert County robbery. Mayer pled guilty to the charge of robbery in violation of R.C. 2911.02(A)(2). As part of the guilty plea, the state agreed not to oppose Mayer's request that the sentence run concurrent with the Mercer County sentence. The trial court accepted his guilty plea, ordered a pre-sentence investigation, and set the sentencing hearing for October 1, 2003.
 {¶ 4} At the sentencing hearing, the only evidence entered was the pre-sentence investigation. Mayer's attorney requested that any sentence run concurrent with the Mercer County sentence, and the state did not oppose that request. The trial court found that incarceration was proper in this case and sentenced Mayer to five years of incarceration to be served consecutive to the Mercer County sentence. From this judgment and sentence Mayer appeals, presenting the following assignment of error for our review.
 Assignment of Error The trial court committed error in ordering a consecutivesentence when it failed to make all of the necessary findingsrequired by R.C. 2929.14(E)(4), and failed to give adequatereasons for the findings it did make.
 {¶ 5} In the sole assignment of error, Mayer contends that the trial court erred in ordering his sentence to be served consecutive to the Mercer County sentence. Mayer claims that the evidence does not support the statutory findings required to impose consecutive sentences.
 {¶ 6} The structure of Ohio felony sentencing law provides that the trial court's findings under R.C. 2929.03, 2929.04,2929.11, 2929.12, 2929.13, and 2929.14, determines a particular sentence. State v. Martin (1999), 136 Ohio App.3d 355, 362. Compliance with the aforementioned sentencing statutes is required. Id. Accordingly, the trial court must set forth the statutorily mandated findings and, when necessary, articulate on the record the particular reasons for making those findings.State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at paragraph one and two of the syllabus.
 {¶ 7} An appellate court may modify a trial court's sentence only if it clearly and convincingly finds either (1) that the record does not support the sentencing court's findings or (2) that the sentence is contrary to the law. R.C. 2953.08(G)(2); see, also, Martin, 136 Ohio App.3d at 361. Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. State v. Schiebel (1990),55 Ohio St.3d 71, 74, citing Cross v. Ledford (1954),161 Ohio St. 469. It requires more evidence than does a finding by a preponderance of the evidence, but it does not rise to the level of a finding beyond a reasonable doubt. Id. An appellate court should not, however, simply substitute its judgment for that of the trial court, as the trial court is "clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims." State v. Jones
(2001), 93 Ohio St.3d 391, 400.
 {¶ 8} R.C. 2929.14(E)(4) allows a trial court to impose consecutive sentences if it finds:
that the consecutive service is necessary to protect thepublic from future crime or to punish the offender and thatconsecutive sentences are not disproportionate to the seriousnessof the offender's conduct and to the danger the offender poses tothe public, and if the court also finds any of the following:
 (a) The offender committed one or more of the multipleoffenses while the offender was awaiting trial or sentencing, wasunder a sanction imposed pursuant to section 2929.16, 2929.17, or2929.18 of the Revised Code, or was under post-release controlfor a prior offense.
* * *
(c) The offender's history of criminal conduct demonstratesthat consecutive sentences are necessary to protect the publicfrom future crime by the offender.
 {¶ 9} Herein, the trial court stated, on the record, that consecutive terms are necessary to punish Mayer. The trial court also made on the record findings that consecutive sentences would not be disproportionate to the seriousness of Mayer's conduct and to the danger he poses to the public. A review of the record reveals that the evidence supports these findings.
 {¶ 10} The trial court found that consecutive sentences were necessary to punish Mayer, because if the sentences were to run concurrently, Mayer would receive no separate punishment for the Van Wert robbery. The five years of incarceration he would receive from the Van Wert Robbery would merely become part of the longer Mercer County sentence.
 {¶ 11} The trial court also found that Mayer had no genuine remorse for his actions. The parole officer who filled out Mayer's pre-sentence investigation checked the box under the recidivism likely factors that said "shows no remorse for the offense." At the sentencing hearing, Mayer declined an opportunity by the trial court to express remorse for his crimes. The trial court was able to observe Mayer and his gestures firsthand during both the guilty plea and sentencing hearings and determine whether Mayer exhibited any remorse.
 {¶ 12} Furthermore, the nature of Mayer's crimes exhibits a need for consecutive sentences. Mayer was convicted of stealing OxyContin from a pharmacy using the threat of force. He admitted to having committed a multitude of similar robberies over a period of three years throughout Michigan, Ohio, and Indiana. Both the trial court and Mayer's parole officer found that Mayer showed no remorse for his actions. Having reviewed the entire record, we find that the evidence supports the trial court's finding that consecutive sentences were necessary to punish the offender and would not be disproportionate to the seriousness of Mayers conduct and to the danger he poses to the public.
 {¶ 13} The trial court also found, on the record, that Mayer had committed the offense while under post-release control for a prior offense and that his history of prior convictions made consecutive sentences necessary to protect the public. While R.C.2929.14(E)(4) only requires that the trial court make one of these findings in order to impose consecutive sentences, it is clear that both findings are supported by the record.
 {¶ 14} The pre-sentence investigation reflects that Mayer was placed on thirty months probation by the Chicago Municipal Court on February 15, 2002. The Van Wert robbery was committed on March 10, 2003, well within the thirty month probation period. Mayer maintains that probation under Illinois law is not the kind of post-release control referenced by R.C. 2929.14(E)(4). Probation is defined under Illinois law as a "disposition of conditional and revocable release under the supervision of a probation officer." Ill.Ann.Stat., Chapter 730, 5/5-1-18. We find that this is exactly the kind of post-release control referenced by R.C.2929.14(E)(4).
 {¶ 15} Moreover, the trial court also found that Mayer's history of criminal conduct reflected a need for consecutive sentences to protect the public from future crime. Mayer had two prior convictions for possession of a controlled substance and a prior conviction for probation violation. One of the possession convictions involved cocaine and the other involved marijuana and heroin. Mayer seems to suggest that two prior drug possession convictions, a probation violation conviction, and a three year robbing spree commenced to feed a drug addiction, are not enough evidence to support a finding that the offender is a danger to society. We disagree. There was ample evidence in the record to support the trial court's finding that consecutive sentences were necessary to protect the public from future crime by Mayer.
 {¶ 16} Having reviewed the entire record before us, we find that the trial court properly made all of the required statutory findings before imposing a consecutive sentence. Furthermore, the evidence before the trial court supports those findings. Accordingly, we overrule Mayer's assignment of error and affirm the decision of the trial court.
 {¶ 17} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Cupp and Bryant, JJ., concur.